O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KATHLEEN MULLIGAN, | ) | Case No. CV 15-712 DDP (AJWx) |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO RETAX COSTS** |
| | ) | |
| v. | ) | |
| | ) | [Dkts. 69 & 70] |
| JENNY YANG, | ) | |
| | ) | |
| Defendants. | ) | |

Presently before the court is Plaintiff Kathleen Mulligan's Motion to Retax Costs. (Dkts. 69, 70.) After considering the parties' submissions, the court adopts the following Order.

**I. BACKGROUND**

Plaintiff Kathleen Mulligan brought suit against her employer, the Equal Employment Opportunity Commission (EEOC), alleging, inter alia, that the agency unlawfully retaliated against Mulligan for engaging in protected activity under Title VII of the Civil Rights Act and the Americans with Disabilities Act (ADA). On November 2, 2016, this Court granted summary judgment to Defendants on all causes of action. (Dkt. 59.)

Defendants then filed an Application to the Clerk to Tax Costs against Plaintiff in the amount of $6,281.85. (Dkt. 62.) The Application was granted in full. (Dkt. 68.) Pursuant to Local Rule 54-8, Plaintiff filed a motion to this Court to re-tax costs based upon the record submitted to the Clerk. (Dkt. 70.)

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). There is a presumption in favor of awarding costs to the prevailing party. *Ass'n of Mexican-Am. Educators v. Cal.*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc) ("By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs.").

Local Rule 54–8 provides that a party may seek review of the Clerk's taxation of costs by filing a motion to retax costs. C.D. Cal. L.R. 54–8. Such a motion must be filed and served within seven days of the Clerk's decision. *See id.* The review is limited to the record made before the Clerk and may encompass only those items specifically identified in the motion. *Id*.

**III. DISCUSSION**

As an initial matter, Defendants oppose the Motion to Retax Costs on the ground that Plaintiff did not meet and confer pursuant to Local Rule 7-3 prior to filing the Motion. (Opp'n 1-2.) While parties are ordinarily required to meet and confer at least seven days prior to filing a motion, *see* C.D. Cal. L.R. 7-3, that requirement seems inapplicable where, as here, a party only has seven days file the motion in the first place, *see* C.D. Cal. L.R. 54-8. Even if it were possible to theoretically comply with both mandates simultaneously without seeking some sort of extension, the court would nonetheless exercise its discretion to consider Plaintiff's Motion Retax Costs. *See Mam v. City of Fullerton*, No. CV 11-1242 JLS (MLGx), 2014 WL 12573550, at *2 (C.D. Cal. July 24,

2014) (declining to deny a motion to retax costs based on a purported failure to comply with Local Rule 7-3).

Plaintiff, likewise, presents a threshold argument that Defendants' costs are not recoverable as a matter of course because at least a part of this action arises under the ADA. *See Brown v. Lucky Stores, Inc.*, 246 F.3d 1182 (9th Cir. 2001) (holding that costs may be awarded under the ADA only "if the plaintiff's action was frivolous, unreasonable or without foundation") (citing *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, (1978)). But, as a federal employee, Plaintiff is expressly exempted from the ADA. *See* 42 U.S.C. § 12111(5)(b)(i) ("The term 'employer' does not include . . . the United States.) Instead, Plaintiff's claims are governed by the Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq., and Title VII of the Civil Rights Act of 1964. Thus, Defendants' request for costs is governed by the general rule that "costs are awarded 'as a matter of course absent express statutory provision, 'unless the court otherwise directs.'" *Martin v. California Dep't of Veterans Affairs*, 560 F.3d 1042, 1052 (9th Cir. 2009) (quoting *National Organization for Women v. Bank of Cal., N.A.*, 680 F.2d 1291, 1294 (9th Cir. 1982)).

Turning to the merits, Plaintiff urges the court to exercise its discretionary authority to deny costs. As the Ninth Circuit has explained: "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014) (citing *Ass'n of Mex.-Am. Educators v. California*, 231 F.3d 572 (9th Cir. 2000)). Aside from the "plaintiff's limited financial resources," Plaintiff presents arguments regarding each of these factors.

First, Plaintiff argues that this case is of substantial public importance because it attempts to "'establish the parameters of the law.'" (Opp'n 5 (quoting *Escriba*, 743 F.3d at 1248).) In particular, Plaintiff highlights her efforts to have a federal court recognize the novel liability theory of "retaliation per se," which the EEOC applies in some of its cases.

1  (Opp'n 3-5.) While worthy efforts to probe the laws limits should not be discouraged,
2  Plaintiff's case does not approach the standard set in *Escriba*. In *Escriba*, the plaintiff was
3  able to point to official statements from the United States Department of Labor and a
4  California public official about why a case like hers was of public importance. *Escriba*, 743
5  F.3d at 1248. By contrast, the majority of Plaintiff's claims were ordinary discrimination
6  claims and the per se liability theory has been rejected by all the courts that have
7  considered it in this Circuit. *See Cramblett v. McHugh*, 2014 WL 2093600 at * 14 (D. Ore.
8  May 19, 2014); *E.E.O.C. v. Go Daddy Software*, No. CV-04-2062-PHX-DGC, 2006 WL
9  1791295, at *7 (D. Ariz. June 27, 2006).
10       Plaintiff next argues that her case presented close and complicated facts, which
11  counsels against a cost award. In support, Plaintiff notes various discovery hurdles—e.g.,
12  needing to file a motion to compel before deposing Defendant's Rule 30(b)(6) witness—
13  and the volume of evidence—e.g., thousands of pages of discovery, 10 depositions. (Mot.
14  6.) Without denying the importance of the issues in this case to Plaintiff personally or
15  downplaying the difficulty of litigating employment discrimination cases, the issues
16  raised in this case were neither particularly complex nor so close as to justify denying
17  costs to the prevailing party.
18       Plaintiff then argues that the financial disparity between the parties justifies
19  denying costs. (Mot. 7.) Plaintiff generally asserts that Defendants "racked up excessive
20  legal fees" by resisting the efforts to have their 30(b)(6) witness deposed and engaged in
21  "economic warfare" throughout the litigation. As to the financial disparity, Defendant
22  reasonably notes that this factor alone cannot justify denying costs because there will
23  almost always be a financial disparity between the federal government as a litigant and
24  an individual plaintiff.  (Opp'n 2.) More to the point, a review of the litigation history of
25  this case indicates that Defendants did not unreasonably drive up costs in this litigation.
26  While it would always be preferable for parties to cooperate on discovery matters, the
27  ultimate cost award in this case of $6,281.85 is a reasonable sum that confirms the
28

ordinary nature of the case. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (noting that "no [] injustice will result from the award of $5,310.55 in this case").

Finally, Plaintiff contends that an award of costs will chill future litigation by federal employees. In support, Plaintiff references an EEOC document explaining that "adverse economic consequences are factors that negatively impact the willingness of employees to report discrimination and harassment in the workplace." (Mot. 8) While this may very well be the case, the cost award in this case is well within the normal range awarded by courts in individual plaintiff civil rights cases and unlikely to chill future litigation. *See, e.g., Draper v. Rosario*, 836 F.3d 1072, 1091 (9th Cir. 2016) (holding that a cost award of $3,018.35 against an inmate is unlikely to chill litigation); *Sorgen v. City & Cty. of San Francisco*, No. 05-03172 TEH, 2007 WL 521235, at *3 (N.D. Cal. Feb. 15, 2007) (holding that $4,987 is a "relatively modest amount of cost[] . . . unlikely to chill future civil rights litigants.")

In the event that the court awards costs, Plaintiff asks that the bond requirements under Rule 62 be waived for the same reasons she argues the costs should denied in the first place. In light of the above discussion, and having otherwise found insufficient good cause, the court declines this request.

**IV. CONCLUSION**

For the reasons stated above, the court DENIES Defendant's Motion to Retax Costs.

**IT IS SO ORDERED.**

Dated: March 2, 2017

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE